Joseph Cumming—Plff. in Execution, & Eleazar Early—Claimant.

If the mortgagee of personal property fail to record his mortgage, a bona fide purchaser, claiming under mortgagor without notice, will be entitled to retain the property.

A purchaser for valuable consideration *without notice*, actual or constructive, will be protected, though he purchase from one who had notice.

Possession of personal property is *prima facie* evidence of title.

### By CHARLTON, Judge.

THE decree, or rather verdict of the special Jury in this case, presents the following facts for the decision of the Court.

"We find that the negro *William* was levied on by virtue of an execution founded on the foreclosure of a mortgage, from *Benjamin W. Leach* to *Joseph Cumming*—that when the levy was made, *William* was in *Early's* possession—that *Cumming*, on the 7th July, 1819, sold the said negro to *Leach*, and took the mortgage above mentioned, dated 7th July, 1819—that *Leach*, on the 12th August, 1819, sold the negro to *E. Wallen*, by bill of sale—that at the time *Wallen* purchased from *Leach*, he knew of the mortgage of *Cumming*, and that the same was unsatisfied—that the bill of *Cumming* to *Leach* and *Leach* to *Wallen*, were both recorded 16th August, 1819—that *Cumming's* mortgage was recorded on the 19th January, 1820—that on the 28th December, 1819, *Early* purchased the said negro from *Wallen* for a valuable consideration, and without any notice of the existence of *Cumming's* mortgage. There was no conveyance in writing from *Wallen* to *Early*, but the sale was made by parol, and the delivery of the said negro to *Early*. If upon this finding of facts, the Court should be of opinion that *Early* is entitled to the negro claimed—then we find the property levied on not subject to the execution—if the Court should be of opinion that *Cumming* is

entitled, we find the property levied on subject to the execution, and assess therefor, the sum of $400 damages and costs of suit. 25th January, 1822.      ALEX'R TELFAIR, *Foreman.*"

The plaintiff in execution, upon whom the burthen of proof lies, according to our judicial system, gives in evidence a mortgage from *Leach* to him of this negro, thus levied upon to satisfy the execution, issued on the foreclosure of his mortgage, and the question is, whether this lien, of which *Wallen* had notice, is to affect the proprietary interest of the claimant *Early*, who had no notice of the incumbrance, and who purchased for a *bona fide*, and valuable consideration.    It is conceded, that *Cumming's* bill of sale to *Leach*, and *Leach* to *Wallen*, were both recorded 16th August, 1819, and that *Leach's* mortgage to *Cumming* was registered 19th January, 1820.   The statutes referred to by the attorney for plaintiff in execution, are all calculated for, and intended to prevent fraud, by requiring a registry of the lien or incumbrance.   Record the conveyance or mortgage, the world has then notice, and the purchaser pays his money for the property, under all the penalties and consequences of, *caveat emptor*.   As it relates to a chattel, or personal property, like that in controversy—the *indicia* of title are, possession and bill of sale.   Possession itself, is *prima facie* evidence of title, and unless controverted by notice on record, or, other notice, of a better or more legal interest, will protect a vendee for valuable consideration.   I say other notice, because any information which may put the vendee on his guard, or suggest the propriety of inquiry, will save and preserve the lien of the mortgage.   The records were, at the date of *Early's* purchase, silent as to this lien, and no other notice was furnished, to awaken suspicion as to *Wallen's* title.

Upon the clearest principles of law then, the dormant and concealed mortgage of *Cumming*, (*technically* concealed, because not registered, or personally communicated,) cannot defeat the validity of the sale and delivery of the negro, from *Wallen* to the claimant *Early*—and therefore, it is the opinion of this Court, that the property is not subject to the execution.